UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10703-RGS

CHAD COLLINS

v.

UNITED STATES OF AMERICA

MEMORANDUM AND ORDER ON DEFENDANT UNITED STATES'
MOTION FOR SUMMARY JUDGMENT[1]

September 9, 2010

STEARNS, D.J.

Chad Collins, an on-duty Lowell police officer, was injured when he crashed his police-issued mountain bike while riding across the parking lot of the Lowell National Historical Park. At the time of the accident, Collins was responding to a call for help from another officer and was using the lot as a short-cut to a nearby public street. Collins collided with a steel cable cordoning off the visitors' area from the parking lot. He was thrown from his bicycle and suffered multiple contusions and a fracture of his right wrist. Collins brought this negligence suit against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 et seq.[2]

The government moves to dismiss Collins's Complaint arguing that the

---

[1] The government seeks to convert its Rule 12(b)(6) motion to dismiss to a motion for summary judgment to allow the court to consider the affidavit of Michael Creasey. Plaintiff does not object. See Stella v. Town of Tewksbury, 4 F.3d 53, 55 (1st Cir. 1993).

[2] The FTCA provides the exclusive remedy for a person harmed by "negligent or wrongful acts or omissions" of federal employees.

Massachusetts Recreational Use Act (RUA) bars any recovery. See Mass. Gen. Laws ch. 21, § 17C(a). The RUA exempts a landowner from liability if two requirements are met: (1) the landowner permits the public to use its land without charge for recreational purposes; and (2) the plaintiff "is permitted [on the premises] because he is engaged in an objectively recreational activity." Ali v. City of Boston, 441 Mass. 233, 237-238 (2004).[3] The statute applies to public as well as private landowners. See Anderson v. City of Springfield, 406 Mass. 632, 634 (1990).[4]

It is undisputed that the National Park Service (NPS) does not charge an admission fee for entrance to the Park or a fee to use the parking lot where Collins was injured. Nor did Collins pay one. See Creasey Decl. ¶ 3.[5] See also Seich v. Town of Canton, 426 Mass. 84, 86 (1997) (RUA excluded liability where plaintiff was injured as she watched her daughter's admission-free basketball game; immaterial that plaintiff and her husband paid a registration fee to the Town to permit the daughter to play in the league); Whooley v. Commonwealth, 57 Mass. App. Ct. 909, 910 (2003) (same, admission-free youth ice

---

[3]The purpose of the RUA is "to encourage landowners to permit broad, public, free use of land for recreational purposes by limiting their obligations to lawful visitors under the common law." Ali, 441 Mass. at 238.

[4]While a landowner is exempt only from injuries caused by simple negligence and not those resulting from wanton or reckless conduct, Collins alleges only the former. Cf. Sandler v. Commonwealth, 419 Mass. 334, 340 (1995).

[5]In his papers, Collins argues that the NPS does charge an entrance fee, but offers nothing to rebut the Creasey Declaration's sworn assertion to the contrary (Creasey is the Superintendent of the Park). See FDIC v. Elder Care Servs., Inc., 82 F.3d 524, 526-527 (1st Cir. 1996) (the non-moving party must produce "sufficient evidence to permit a reasonable jury to resolve the point in [his] favor."). Cf. Corrada Betances v. Sea-Land Serv., Inc., 248 F.3d 40, 43-44 (1st Cir. 2000) (arguments in a lawyer's brief do not establish a dispute of material fact.)

hockey game; immaterial that the rink charged the hockey team a fee to use the facility); Buckley v. United States, 1992 WL 209547, at *1 (D. Mass. Aug. 17, 1992) (unpublished) (same, admission-free access to Charlestown Navy Yard; immaterial that plaintiff paid a fee to attend a workshop being held on the grounds). See also Hardy v. Loon Mountain Recreation Corp., 276 F.3d 18, 21-22 (1st Cir. 2002) (analogous New Hampshire statute applied to plaintiff injured on a Loon Mountain nature hike; immaterial that she had paid for a gondola ride to a trailhead at the top of the mountain).

The only open issue is whether Collins was engaged in a recreational activity while riding his bicycle across the parking lot. It is determinative that the test is an objective one. See Ali, 441 Mass. at 238 ("The plaintiff's contention that his subjective intent should govern the issue of landowner liability is illogical, for he 'would have it that a greater duty is owed to those for whom the Park is not maintained than to those for whom it is.'" (quoting Schneider v. United States, Acadia Nat'l Park, 760 F.2d 366, 368 (1st Cir. 1985)). Collins maintains that his cycling fell within the scope of his duties as a police officer, and that he had access to the NPS lot by virtue of a Memorandum of Understanding (MOU) between the NPS and the Lowell Police Department. See Pl. Opp. at 13. However, the MOU, which confers concurrent jurisdiction over the Park to the Lowell Police, does not address any duty of care owed by the NPS to Collins; it simply extends his police authority to NPS property. Compare Alter v. Newton, 35 Mass App. Ct. 142, 149 (1993). In riding his bike through the Park, Collins was exercising no greater privilege than any other member of the public, all of whom had the same right of free access to the NPS property. See Second Creasey Decl. ¶ 4 ("Officer Collins was permitted to bike in the parking lot

because he is a member of the public. All members of the public are permitted to bike in the parking lot."). Moreover, the fact that Collins was on duty as a police officer at the time of the accident adds nothing to the equation. He was on duty to the Lowell Police Department, not the NPS. See Dunn v. City of Boston, 75 Mass. App. Ct. 556, 561 (2009) ("To place the plaintiff in a separate category from the attendees of the event she was planning, simply because the plaintiff was being paid by a third party to be there and therefore subjectively viewed her activities as 'work,' would be antithetical to the Legislature's stated purpose of 'encouraging landowners to make land available to the public for recreational purposes.'" (quoting 1972 House Doc. No. 5668, at 2)). Because Massachusetts law makes no special exception for police officers or other public employees engaged in objectively recreational activity on public or private land, summary judgment must be granted to the United States.[6]

### ORDER

For the foregoing reasons, the motion for summary judgment by the United States is <u>ALLOWED</u>. The Clerk may now close the case.[7]

SO ORDERED.

/s/ Richard G. Stearns

---

[6] A federal court in applying state law, whether under the FTCA, diversity jurisdiction, or for some other reason, should not "create new doctrines expanding state law." Gill v. Gulfstream Park Racing Ass'n, Inc., 399 F.3d 391, 402 (1st Cir. 2005).

[7] Collins's appropriate avenue of recourse for his injuries is through the state workers' compensation statute. See O'Brien's Case, 424 Mass. 16 (1996).

4

_____
UNITED STATES DISTRICT JUDGE